IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    CRIMINAL NO.  17-287 (GAG)

ROBERTO RODRÍGUEZ-NEGRÓN [2],

Defendant.

## REPORT AND RECOMMENDATION

Defendant Roberto Rodríguez-Negrón [2] was charged in a two count Indictment and he agreed to plead guilty to Count One.  Count One charged Defendant with possession with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

On May 14, 2018, Defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through Defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.

Having further advised Defendant of the charges contained in above stated Count One, he was examined and verified as being correct that he had consulted with his counsel Lydia Lizarribar, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representatives and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Superseding Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the Government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be

issued to have them appear in court to testify.  Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact, if he decides not to testify.  Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty.  The penalty for the offense charged in Count One of the Indictment is a term of imprisonment which shall not be less than ten (10) years up to life imprisonment; a fine not to exceed ten million dollars ($10,000,000.00); and a term of supervised release of not less than five (5) years, in addition to any term of incarceration, pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii).

However, Defendant is pleading to a lesser quantity of drugs than contained in the

United States of America v. Roberto Rodríguez-Negrón [2]
Criminal No. 17-287 (GAG)
Report and Recommendation
Page 4

_____

indictment, at least three point five (3.5) kilograms but less than five (5) kilograms of cocaine. Thus, the maximum penalty is a term of imprisonment which shall not be less than five (5) years up to forty (40) years imprisonment; a fine not to exceed five million dollars ($5,000,000.00); and a term supervised release of not less than four (4) years, in addition to any term of incarceration, pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii).

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A.

Having ascertained directly from Defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Fed. R. Crim. P. 11(c)(1)(B))" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to Defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which Defendant already was aware of the maximum possible penalties, Defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him

_____

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized she explained to Defendant the content of the "Plea Agreement Supplement" and explained to Defendant its consequences.

United States of America v. Roberto Rodríguez-Negrón [2]
Criminal No. 17-287 (GAG)
Report and Recommendation
Page 5

will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, Defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate an agreement that appears on page four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count One, the base offense level, pursuant to USSG § 2D1.1(c)(6), for at least 3.5 but less than 5 kilograms of cocaine, is of twenty-eight (28). A decrease of three (3) levels is agreed for acceptance of responsibility for the offense level is 16 or more. Therefore, the total adjusted offense level is of twenty-five (25), yielding an imprisonment term of fifty-seven (57) to seventy-one (71) months, if there is a Criminal History Category I; sixty-three (63) to seventy-eight (78) months, if there is a Criminal History Category II; seventy (70) to eighty-seven (87) months, if there is a Criminal History Category III; eighty-four (84) to one hundred and five (105) months, if there is a Criminal History Category IV; one hundred (100) to one hundred and twenty-five (125) months, if there is a Criminal History Category V; one hundred and ten (110) to one hundred and thirty-seven (137) months, if there is a Criminal History Category VI. Defendant understand that there is a statutory mandatory minimum sentence of sixty months (60) in prison.

The parties do not stipulate as to any Criminal History Category for Defendant.

As to Count One of the Indictment, and after due consideration of the relevant

<u>United States of America v. Roberto Rodríguez-Negrón [2]</u>
Criminal No. 17-287 (GAG)
Report and Recommendation
Page 6

factors enumerated in Title 18, <u>United States Code</u>, Section 3553(a), the parties agree to request a sentence of sixty (60) months, or the lower end of the applicable guidelines at the date of sentencing, if greater.

The United States and the Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under Title 18, <u>United States Code</u>, Section 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of the Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

Defendant indicated he was aware of the firearms forfeiture provision in paragraph fifteen (15) of the Plea Agreement and understood its consequences.

After sentencing, the United States of America will move to dismiss the pending counts of the Indictment, if Defendant is sentenced pursuant to the terms, conditions and recommendations of the Plea Agreement

As part of the written Agreement, the Government, the Defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant

acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by Defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears.  Defendant was able to understand the explanation and agreed with the Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, his attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the Advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole.  Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea.  Defendant was also

informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law.  With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case.  Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea and Forfeiture Agreement contains a waiver of appeal in paragraph ten (10) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences.  Defense counsel acknowledged discussing the waiver of appeal and its consequences with her client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, Defendant expressed in no uncertain terms that he agreed with the Government's evidence as to his participation in the offense.  Thereupon, Defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 17-287 (GAG).

This Magistrate Judge after having explained to the Defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to

<u>United States of America v. Roberto Rodríguez-Negrón [2]</u>
Criminal No. 17-287 (GAG)
Report and Recommendation
Page 9

Count One of the Indictment in Criminal No. 17-287 (GAG).

IT IS SO RECOMMENDED.

The sentencing hearing is set for September 11, 2018 at 9:00 AM before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). <u>See</u> <u>also</u> Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986). See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988).

San Juan, Puerto Rico, this 15th day of May of 2018.

> s/ CAMILLE L. VELEZ-RIVE
> CAMILLE L. VELEZ-RIVE
> UNITED STATES MAGISTRATE JUDGE